Dale Cendali (SB# 1969070)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Allison Buchner (SB# 253102)
allison.buchner@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant (Applicant) and Non-Party Apple Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RXD MEDIA, LLC,<br><br>  Opposer,<br><br>v.<br><br>IP APPLICATION DEVELOPMENT LLC,<br><br>  Applicant. | CASE NO. CV 15 80 295 MISC<br><br>PENDING BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD<br>TTAB No. 91207333/91207598<br><br>DECLARATION OF ALLISON BUCHNER IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING RXD MEDIA, LLC'S SUBPOENAS TO NON-PARTY APPLE INC. |

I, Allison Buchner, declare as follows:

1. I am an attorney licensed to practice in the State of California, and this District. I am a partner at Kirkland & Ellis LLP and serve as counsel for Apple Inc. ("Apple"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of a Stipulated Protective Order, stipulated to by counsel for RxD Media, LLC ("RxD") and Apple. This Stipulated Protective Order tracks much of the language of the form protective order used by the Trademark Trial and Appeal Board ("Board") and the modified protective order entered by the Board to protect the confidentiality of information exchanged by the parties in the underlying proceedings. Exhibit A has been modified by Apple and RxD to protect information and documents produced by Apple, a non-party to the underlying proceeding, pursuant to subpoenas issued by RxD.

3. The document includes the electronic signature of Mr. Andrew Dallmann, counsel for RxD Media, LLC, with his express permission.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of November, 2015, in Los Angeles.

/s/ Allison W. Buchner
Allison Buchner

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RxD MEDIA, LLC,<br><br>    Opposer,<br><br>v.<br><br>IP APPLICATION DEVELOPMENT LLC<br><br>    Applicant. | CASE NO. _____<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>PENDING BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD<br><br>CASE NO. TTAB No. 91207333/91207598 |

WHEREAS, RxD Media, LLC ("RxD") has filed trademark opposition proceedings in the United States Trademark Trial and Appeal Board ("Board") concerning two trademark applications filed by IP Application Development LLC ("IPAD LLC"). The pending opposition proceedings have been assigned Opposition Nos. 91207333/91207598 (the "Opposition Proceedings"). Through subpoenas issued from the United States District Court for the Northern District of California (the "Apple Subpoenas"), RxD has requested documents and information from Apple Inc. ("Apple"), a non-party to the Opposition Proceedings. RxD and Apple (collectively, "the Stipulating Parties") have, through counsel, stipulated to the entry of this Protective Order to prevent the unnecessary dissemination or disclosure of certain documents, transcripts, records, and other things that Apple may produce in response to the Apple Subpoenas that constitute or contain confidential or protected information within the meaning of Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Stipulating Parties have stipulated that good cause exists for the entry of a Protective Order in accordance with Rule 26(c) to protect against improper disclosure of confidential information produced or disclosed in connection with this proceeding,

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO APPROVAL AND ORDER OF THE COURT, as follows:

Apple may disclose information in response to the Apple Subpoenas that Apple considers to be confidential, trade secret, or commercially sensitive. To preserve the confidentiality of the information so disclosed, the Stipulating Parties have agreed to be bound by the terms of this Order, as set forth below. As used in this Order, the term "information" covers both oral testimony and documentary material.

**TERMS OF ORDER**

1. **Purposes and Limitations.**

Information designated under the terms of this Protective Order may be considered confidential, a trade secret, or commercially sensitive and shall be used by RxD solely for purposes of the Opposition Proceedings, and shall not be used directly or indirectly for any other purpose whatsoever.

/ / /

**2.   Computation of Time.**

The computation of any time period prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in the Federal Rules of Civil Procedure.

**3.   Classes of Protected Information.**

The Rules of Practice in Trademark Cases provide that all inter partes proceeding files, as well as the involved registration and application files, are open to public inspection. The terms of this Order are not to be used to undermine public access to files. When appropriate, however, under the terms of this Order, Apple, on its own or through its attorneys, may seek to protect the confidentiality of information by employing one of the following designations:

**Confidential** - Information to be shielded by the Board and RxD from public access. Apple may designate as "CONFIDENTIAL" any non-public business or other information that is not publicly known and that it would not normally reveal without an agreement to maintain its confidence.

**Trade Secret/Commercially Sensitive** - Information to be shielded by the Board and RxD from public access, restricted from any access by the parties to the Opposition Proceedings other than attorneys, and available for review by attorneys for the parties to the Opposition Proceedings and Apple, subject to the provisions of paragraph 5 and 6, by independent experts or consultants for the parties to the Opposition Proceedings or Apple.

Apple may designate information as "TRADE SECRET/COMMERCIALLY SENSITIVE" if it contains or reflects information that is extremely confidential and/or sensitive in nature and Apple reasonably believes that the disclosure of such information is likely to cause economic harm or significant competitive disadvantage to Apple. RxD agrees that the following information, if non-public, shall be presumed to merit the "TRADE SECRET/COMMERCIALLY SENSITIVE" designation: trade secrets; pricing information; financial data and/or sales information; previously undisclosed advertising materials or advertising or marketing strategies; business plans; sales or marketing forecasts; business plans relating to future products not yet commercially released; product development information; employee information; marketing research and analysis; agreements (and related communications) with third parties containing sensitive business

information; competitive market information; and other non-public information of similar competitive and business sensitivity.

4. **Information Not to Be Designated as Protected.**

Information may not be designated as subject to any form of protection if it (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this document; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully acquired or known to RxD independent of production in connection with the Opposition Proceedings; (d) is disclosed by a non-designating party or non-party to this stipulated Order or the Opposition Proceedings who was legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of Apple.

5. **Access to Protected Information.**

The provisions of this Order regarding access to protected information are subject to modification by written agreement of the Stipulating Parties or their attorneys, or by motion filed with and approved by the the United States District Court for the Northern District of California.

Judges, attorneys, and other employees of the Board are bound to honor the Stipulating parties' designations of information as protected but are not required to sign forms acknowledging the terms and existence of this Order. Court reporters, stenographers, video technicians or others who may be employed by the Stipulating Parties, the parties to the Opposition Proceedings or their attorneys to perform services incidental to this proceeding will be bound only to the extent that the Stipulating Parties or parties to the Opposition Proceedings or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 6.

- **Parties** are defined as including individuals, officers of corporations, partners of partnerships, and management employees of any type of business organization.
- **Attorneys** are defined as including **in-house counsel** and **outside counsel,** including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

- **Independent experts or consultants** include individuals retained by Apple or a party to the Opposition Proceedings for purposes related to prosecution or defense of the Opposition Proceedings but who are not otherwise employees of either the party or its attorneys.
- **Non-party witnesses** include any individuals to be deposed during discovery or trial in the Opposition Proceedings, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**Parties to the Opposition Proceedings, those parties' attorneys** and **Apple and its attorneys** shall have access to information designated as **confidential,** subject to any agreed exceptions.

**Attorneys** for the parties to the Opposition Proceedings and for Apple shall have access to information designated as **trade secret/commercially sensitive.**

**Independent experts or consultants, non-party witnesses,** any **mediator** selected by the Stipulating Parties and the parties to the Opposition Proceedings or assigned to hear this matter, and **any other individual** not otherwise specifically covered by the terms of this Order may be afforded access to **confidential** information in accordance with the terms that follow in paragraph 6. Further, **independent experts or consultants** and any **mediator** selected by the Stipulating Parties and the parties to the Opposition Proceedings or assigned to hear this matter may have access to **trade secret/commercially sensitive** information if such access is agreed to by the Stipulating Parties or ordered by the United States District Court for the Northern District of California, in accordance with the terms that follow in paragraph 6 and 7.

6. **Disclosure to Any Individual.**

Prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that this Order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the signed certification from the

individual. A form for such certification is attached to this Order. The party or attorney receiving the completed form shall retain the original.

7. **Disclosure to Independent Experts or Consultants.**

In addition to meeting the requirements of paragraph 6, any party or attorney proposing to share information designated under this Order with an independent expert or consultant must also notify Apple in advance. Notification must be personally served or forwarded by certified mail, return receipt requested, and shall provide notice of the name, address, an up-to-date curriculum vitae of the person, the present employer and title of the person, an identification of all of the person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the person, including but not limited to an identification of any individual or entity with or for whom the person is employed; and a list of the cases in which the person has testified at deposition or trial within the last five (5) years. Further, during pendency of the Opposition Proceedings, including all appeals, the party who disclosed the protected information shall immediately provide notice of any change with respect to the person's employment or consulting relationship with a party.

After receiving such notice, Apple shall have ten (10) business days to object to disclosure to the expert or independent consultant. If objection is made, then the Stipulating Parties must negotiate the issue before raising the issue before the United States District Court for the Northern District of California. If the Stipulating Parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the United States District Court for the Northern District of California with an explanation of the need for disclosure and a report on the efforts the Stipulating Parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived. No information shall be shared with the person until the dispute is resolved, either by the agreement of the Stipulating Parties or an order from the United States District Court for the Northern District of California.

/ / /

**8.    Contractual Obligations to Non-Parties.**

During the pendency of the Opposition Proceedings, Apple may be asked to produce information that is subject to contractual or other obligations of non-parties to this agreement. Apple will not release any confidential information of any third-party without that party's written consent or an order from a court of competent jurisdiction.

**9.    Production of Documents.**

If Apple produces documents or any hard-copy materials, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 3. If Apple makes documents available for inspection and copying by RxD, all documents shall be considered protected during the course of inspection. After RxD informs the Apple what documents are to be copied, Apple will be responsible for prominently stamping or marking the copies with the appropriate designation from paragraph 3. Any inadvertent disclosure without appropriate designation shall be remedied as soon as Apple learns of its error, by informing RxD, in writing, of the error, and RxD should treat the inadvertently designated or incorrectly designated information in accordance with paragraph 15. RxD should inform the Board (and the district court, if applicable) only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 15.

**10.    Depositions.**

Protected documents produced during a discovery deposition, or offered into evidence during a testimony deposition shall be orally noted as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note of the protected nature of the information.

The transcript of any deposition taken pursuant to any subpoena issued to Apple or any of its employees in connection with the Opposition Proceedings and all exhibits or attachments shall be considered protected as **Trade Secret/Commercially Sensitive** for 30 days following the date of service of the transcript by the party that took the deposition. During that 30-day period, RxD,

Apple, and IPAD LLC may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from paragraph 3. Appropriate stampings or markings should be made during this time. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

**11.   Filing Notices of Reliance.**

When RxD or its attorney files a notice of reliance during RxD's testimony period, RxD and its attorney are bound to honor designations made by Apple, so as to maintain the protected status of the information.

**12.   Briefs.**

When filing briefs, memoranda, or declarations in support of a motion, or briefs at final hearing, the portions of these filings that discuss protected information, whether information of the filing party, or any adverse party, Apple or any other non-party witness, should be redacted. The rule of reasonableness for redaction is discussed in paragraph 14 of this Order.

**13.   Handling of Protected Information.**

Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of the Opposition Proceedings. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using or disseminating the information.

**14.   Redaction; Filing Designated Information With the Court or Board.**

When RxD or its attorney must file information designated under this Order with the United States District Court for the Northern District of California or the Board, or a brief that discusses such information, the protected information or portion of the brief discussing the same should be redacted from the remainder. A rule of reasonableness should dictate how redaction is effected.

Redaction can entail merely covering a portion of a page of material when it is copied in anticipation of filing but can also entail filing the entire page under seal as one that contains primarily confidential information. If only a sentence or short paragraph of a page of material is confidential, covering that information when the page is copied would be appropriate. In contrast, if

most of the information on the page is confidential, then filing the entire page under seal would be more reasonable, even if some small quantity of non-confidential information is then withheld from the public record. Likewise, when a multi-page document is in issue, reasonableness would dictate that redaction of the portions or pages containing confidential information be effected when only some small number of pages contain such information. In contrast, if almost every page of the document contains some confidential information, it may be more reasonable to simply submit the entire document under seal. The Stipulating Parties agree to abide by the local rules of the United States District Court for the Northern District of California when seeking to file any protected information under seal. Before seeking leave of court to file documents under seal, RxD must notify Apple of its intent to file such documents under seal at least twenty-four (24) hours before seeking leave of court with notice as to which information designated under this Order is to be so filed.

Protected information, and pleadings, briefs or memoranda that reproduce, discuss or paraphrase such information, shall be filed under seal. The envelopes or containers shall be prominently stamped or marked with a legend in substantially the following form:

**CONFIDENTIAL**

*This envelope contains documents or information that are subject to a protective order or agreement. The confidentiality of the information is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except by order of The United States District Court for the Northern District of California.*

15. **Acceptance of Information; Inadvertently Designated Improperly.**

Acceptance by RxD or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which Apple intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error.

Upon written notice from Apple that information was inadvertently designated and of the correct confidentiality designation, RxD shall treat the information at the re-designated level pursuant to the terms of this Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein for challenging designations. Upon receiving from Apple the

information with the corrected designations, RxD shall immediately return or securely destroy, at Apple's option, the information that was not designated properly and notify Apple in writing that it has done so.

RxD shall not be in breach of this Order for any use of such discovery information before RxD receives notice from Apple that the information as inadvertently designated incorrectly, unless an objectively reasonable person would have realized that the information should have been appropriately designated with a confidentiality designation under this Order.

16. **Inadvertent Disclosure of Privileged Information.**

The inadvertent production by Apple of information subject to the attorney-client privilege, work-product protection, or any other applicable privilege, doctrine, right or immunity, despite Apple's reasonable efforts to prescreen such information prior to production, shall not waive the applicable privilege, doctrine, right or immunity.

Upon notice from Apple that it has inadvertently produced information that it believes to be privileged and/or protected, RxD shall immediately return such information and all copies to Apple, except for any pages containing privileged markings by RxD which shall instead be destroyed and certified as such by writing from RxD to Apple.

17. **Inadvertent Disclosure Not Authorized By Order.**

In the event of a disclosure of any information designated pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for Apple and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of information designated under this Order or waive the right to hold the disclosed information as protected.

/ / /

18. **Challenges to Designations of Information as Protected.**

If the Stipulating Parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the Stipulating Parties are unable to resolve their differences, the party challenging the designation may make a motion before the United States District Court for the Northern District of California seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made within 14 days following the production of the designated information. If a challenge is made beyond the 14-day timeframe, the challenging party will be expected to show why it could not have made the challenge at an earlier time.

The challenging party must certify in its request for the United States District Court for the Northern District of California that it has engaged with Apple in the required informal effort to resolve the dispute regarding the designation, and must also include Apple's stated reason for the designation. The Stipulating Parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Notwithstanding any challenge to a designation, the designated information in question shall continue to be treated as designated under this Order until one of the following occurs: (1) Apple withdraws the challenged designation in writing; or (2) the Court rules that the information in question is not entitled to the designation.

19. **Termination of Matter, Handling of Materials After Termination, and Retention of Jurisdiction.**

The Stipulating Parties agree that the terms of this Order shall survive and remain in effect after the Opposition Proceedings are finally resolved. The United States District Court for the Northern District of California shall retain jurisdiction after the Opposition Proceedings have been terminated to hear and resolve any disputes arising out of this Order.

Not later than 30 days after the final termination of the Opposition Proceedings, the Stipulating Parties and their attorneys shall return to each disclosing party the protected information disclosed during the proceeding, and shall include any briefs, memoranda, summaries, and the like, which discuss or in any way refer to such information. The Stipulating Parties shall certify in writing that all such information has been returned to the respective outside counsel of the producing party or destroyed.

**20.    Subpoenas or Court Orders.**

If at any time information designated under this order is subpoenaed by any court, arbitral, administrative or legislative body, the party to whom the subpoena or request is directed shall immediately give prompt written notice thereof to Apple, allowing Apple an opportunity to move for a protective order regarding the production implicated by the subpoena. The party to whom the subpoena or request is directed must also immediately inform in writing the litigant that caused the subpoena or order to issue in the other litigation that some or all of the information covered by the subpoena or order is subject to this Stipulated Protective Order.

The purpose of imposing these duties is to alert the interested entities to the existence of this Stipulated Protective Order and to afford Apple an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

**21.    Modification by Court.**

This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning information designated under the terms of this Order, however designated, shall be resolved by the United States District Court for the Northern District of California.

**22.    Successors.**

This Order shall be binding upon the Stipulating Parties, their attorneys and successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries,

divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

### 23. Motion Practice.

In the event that motion practice is required to enforce the terms of this Order, and a party is found by a court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney and other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

### 24. Burdens of Proof.

Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular information is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions apply.

### 25. Other Rights of the Stipulating Parties and Attorneys.

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's own orders. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item. This Order shall not preclude the Stipulating Parties and/or parties to the Opposition Proceedings or their attorneys from making any applicable claims of privilege during discovery or at trial, and nothing in this Order is meant to indicate that any particular category of information is relevant, discoverable or admissible in any proceeding. Nor shall the Order preclude the filing of any motion for relief from a particular provision of this Order or for additional protections not provided by this Order.

AGREED AND STIPULATED TO THROUGH COUNSEL:

(Signature blocks on following page.)

Dated: November 30, 2015               Respectfully submitted,

                                       /s/ Allison Buchner
                                       ───────────────────────────
                                       Dale Cendali
                                       Claudia Ray
                                       Allison Buchner
                                       KIRKLAND & ELLIS LLP
                                       333 South Hope Street
                                       Los Angeles, California  90071
                                       Telephone: (213) 680-8400
                                       Facsimile: (213) 680-8500

                                       *Attorneys for Non-Party Apple Inc.*


Dated: November 30, 2015               Respectfully submitted,

                                       */s/ Andrew S. Dallmann (with permission)*
                                       ───────────────────────────
                                       Andrew S. Dallmann
                                       BURCH DALLMANN LLP
                                       2603 Main Street, Suite 200
                                       Irvine, California 92614
                                       Telephone: (949) 379-6619
                                       Facsimile: (949) 396-1025

                                       **Of Counsel:**

                                       Cecil Key
                                       DIMURO GINSBURG PC
                                       1101 King Street, Suite 610
                                       Alexandria, VA 22314
                                       Telephone: (703) 684-4333
                                       Facsimile: (703) 548-3181

                                       *Attorneys for Opposer RxD Media, LLC*

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED this ____ day of _____, 2015.

_____
HON. _____
United States District Judge

## CERTIFICATION OF ELECTRONIC SIGNATURES

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer of this document certifies that concurrence in the filing of this document has been obtained from each of the other signatories.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, acknowledge and declare that I have received a copy of the Agreed Protective Order ("Order") between Apple Inc. ("Apple") and RxD Media, LLC ("RxD") entered by the United States District Court for the Northern District of California in connection with Trademark Trial and Appeal Board Opposition Nos. 91207333/91207598. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of any proceeding to enforce the terms of the Order.

Name of individual:_____

Present occupation/job description:_____

_____

Name of Company or Firm:_____

Dated: _____

_____

[Signature]

AGREED